## Brenes v. A. Hartman & Ca. et al.

## Apelación procedente de la Corte de Distrito de

## Humacao.

No. 53. Resuelto en Mayo 2, 1905.

DAÑOS Y PERJUICIOS.—SOCIEDAD.—SOCIOS COMANDITARIOS.—Los socios comanditarios carecen de acción para entablar una demanda en reclamación de daños y perjuicios ocasionados á la sociedad por los actos de un tercero, pues tal acción compete á la sociedad misma, ó á sus legítimos representantes, que no lo son los socios comanditarios.

ID.—SOCIOS GESTORES.—Obligada la sociedad para con un tercero, por los actos del socio gestor, la acción para reclamar la nulidad del acto, por razón de haber sido declarado anteriormente en quiebra la referida sociedad y continuar en ese estado cuando se otorgara la expresada obligación, no compete al socio comanditario, por no tener éste la representación legal de la sociedad.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. Vías Ochoteco.

Abogado de los apelados: Sr. López Landrón.

El Juez Asociado Sr. Hernández, emitió la opinión del Tribunal.

Por escritura pública otorgada en Arroyo con fecha 13 de Julio de 1900, por ante el Notario Don José Mariano Capó y Alvarez, constituyeron Don José Ma. Padilla y Delgado y Don José Brenes Larroche una sociedad mercantil en comandita bajo la razón social "J. M. Padilla y Ca." con un capital social de 3.000 dollars, que los socios aportaron por iguales partes, consistente en provisiones, efectos, ganado, terreno, casa de madera y cuentas, cuya sociedad había de durar cuatro años, siendo gestor de la misma Padilla y Delgado y comanditario Don José Brenes Larroche, si bien respecto de éste se consignó en dicha escritura la cláusula siguiente:

"No obstante las atribuciónes y responsabilidades legales del comanditario, es convenido que el Sr. Brenes Larroche se ocupará también de la administración de la casa ó sociedad, ocupándose especialmente de los negocios de fuera, ó sean cobros, operaciones de ganado, ladrillería y otros análogos, y todas las operaciones que rea-

lice serán válidas cual si fuesen efectuadas por el gestor, y en casos de ausencia ó enfermedad del gestor podrá también dicho comanditario autorizar la correspondencia de la casa con la firma social, y en atención á estas circunstancias es que se le acuerda un 45 por 100 en los beneficios en lugar del 25 por 100 que como comanditario le corresponde.

En ocho de Septiembre del mismo año Don Guillermo Mac Cormick y Hartman, como socio gestor de la mercantil establecida en Arroyo bajo la razón social de A. Hartman y Ca., solicitó y obtuvo del Juzgado Municipal de Arroyo embargo preventivo contra Don José María Padilla para el cobro de la suma de 1343 dollars y un centavo procedentes de pagarés firmados por Padilla y de un saldo de cuenta corriente aceptado por éste; y habiéndose practicado dicho embargo en la misma fecha, la Corte de distrito de Humacao declaró no haber lugar á su ratificación y ordenó se alzara por auto de 28 del citado Septiembre y de 3 de Octubre siguiente.

Del juicio promovido por A. Hartman y Ca. para el cobro de la suma que había motivado el embargo desistió aquella Sociedad, y se la hubo por desistida por auto que dictó la Corte de Humacao en 3 de Enero de 1901.

En 23 de Noviembre de 1900 la misma sociedad A. Hartman y Ca., presentó ante el Juzgado Municipal de Arroyo denuncia criminal para que se procediera contra Don José Ma. Padilla por haberse éste alzado con todos sus bienes en perjuicio de sus acreedores, é instruído el correspondiente sumario, la parte denunciante representada por el Letrado Don Rafael López Landrón formuló acusación contra Padilla en diez de Marzo de 1901, sin que conste en autos cuál fuera el resultado definitivo de dicha causa, si bien aparece haberse alzado el embargo que con motivo de ella fué practicado en bienes del acusado.

La propia sociedad A. Hartman y Ca., solicitó en 23 de Diciembre de 1900 que fuera declarado en quiebra

Don José Ma. Padilla, ya por sí, ya también como único gestor de J. M. Padilla y Ca. y esa declaratoria la hizo la Corte de Distrito de Humacao por auto de 12 de Agosto de 1901, nombrándose comisario de la quiebra á Don Manuel Fernández Suárez, y depositario á Don Ceferino Lagua, decretándose el arresto de Padilla, quien también debía ser notificado de que quedaba incapacitado para la administración de sus bienes y para toda clase de contratos, tanto en nombre propio como en el de la sociedad J. M. Padilla y Ca., y ordenándose á Padilla la inmediata entrega, que tuvo lugar, de los libros mercantiles, papeles y correspondencia concernientes á su tráfico personal y al de la mercantil J. M. Padilla y Ca.

No consta en autos cual sea el estado del expresado juicio universal de quiebra, si bien aparece que, previo informe del comisario, de los síndicos y del Fiscal de la Corte de Humacao, dicha Corte por auto de 12 de Enero de 1903 calificó la quiebra de Don José Ma. Padilla y de J. M. Padilla y Ca. como de primera clase, ó sea de insolvencia fortuíta.

El Letrado representante de la sociedad apelada afirma en su alegato escrito ante esta Corte Suprema que pendiente la tramitación del incidente de oposición á la quiebra, de conformidad con el dictámen del nuevo Fiscal de Humacao Don Luis del Campillo, se declaró incompetente la Corte de Distrito de aquélla ciudad para seguir conociendo en el juicio de quiebra y sus incidentes, por razón de la materia, previniendo á las partes que podrían seguir ejercitando sus derechos ante la Corte competente Federal; pero tal afirmación no aparece comprobada en el expediente.

Con anterioridad al auto de declaratoria de quiebra ó sea en 6 de Febrero de 1902, Don José Ma. Padilla, por acta notarial que otorgó en Arroyo como socio gestor de la mercantil J. M. Padilla y Ca., hizo constar los dos siguientes extremos:

"1o.—Que en el carácter con que comparece tiene intentada una reclamación judicial contra la sociedad, también de esta plaza, A. Hartman y Ca., por importe de 6.700 dollars, como daños y perjuicios que estimó se le ocasionaban con la prosecución de ciertos asuntos judiciales que tenía la dicha sociedad A. Hartman y Ca., contra el dicente por derecho propio, y contra la sociedad de J. M. Padilla y Ca. que representa.

"2o.—Y por cuanto la referida reclamación de daños y perjuicios no tiene hoy razón de ser por haber terminado sus diferencias con la repetida sociedad A. Hartman y Ca., de la manera más formal, por la presente escritura declara y otorga que por su propio derecho, y como tal gestor de la sociedad J. M. Padilla y Ca., se desiste y aparta en un todo de dicha reclamación de daños y perjuicios, que desde este momento deja sin ningún valor ni efecto sucesivo."

Para obtener la nulidad de dicha acta notarial el Letrado Don Juan Vías Ochoteco, en representación de Don José Brenes y Larroche, presentó demanda antte la Corte de Distrito de Humacao en diez de Julio de 1903, con súplica de que aquella declarara nula y fueran condenados A. Hartman y Ca., á indemnizarle la suma de 7.000 dollars en que se calculan los perjuicios y daños que ha sufrido por culpa ó malicia de la referida sociedad, la cual debía ser condenada igualmente á consignar á disposición de los acreedores de la mercantil J. M. Padilla y Ca., la suma de 2.326 dollars 70 centavos á que asciende la totalidad de los créditos pendientes, con imposición de las costas á los demandados Don José M. Padilla y A. Hartman y Ca., á cuyo fin alegó la parte actora, entre otros hechos, el embargo ilegal practicado en bienes de la sociedad J. M. Padilla y Ca., el proceso criminal en que fué envuelto Padilla, y la declaratoria de quiebra de J. M. Padilla y Ca., de que se derivan los perjuicios y daños reclamados, cuya renuncia era nula, entré otras razones, por haber sido hecha con infracción de los artículos 878 y 879 del Código de Comercio.

No consta en el expediente lo que á dicha demanda contestaran los demandados, y sí la sentencia que des-

pués de las pruebas practicadas dictó la Corte de Dis-
trito de Humacao en 29 de Marzo del año próximo pasa-
do, cuyo fundamento de derecho y parte dispositiva se
transcriben á continuación.

"Primer Considerando: que el demandante ejercita una acción
personal de daños y perjuicios que alega fueron causados á la so-
ciedad mercantil J. M. Padilla y Ca. de la que es socio comandi-
tario. Segundo Considerando: que si los Sres. A. Hartman y Ca.,
damandados, causaron con sus actos daños y perjuicios á la so-
ciedad J. M. Padilla y Ca. sólo ésta tiene acción para reclamar-
los por medio de su representante legítimo, que no lo es el deman-
dante Sr. Brenes Larroche. Tercer Considerando: que si Don
José Ma. Padilla por otra parte en su carácter de socio gestor obligó á
la sociedad J. M. Padilla y Ca., con un tercero, la acción para recla-
mar la nulidad del acto, por razón de haber sido declarada ante-
riormente en quiebra la dicha sociedad y continuar en ese estado,
es ajena al que demanda, por no ser éste el legal representante de la
entidad quebrada. Cuarto Considerando: que si Don José Bre-
nes y Larroche cree lastimados sus derechos, nacidos del contrato
de sociedad mercantil que celebró con Don José Ma. Padilla, tiene
su acción *prosocio* para ejercitarla en la forma procedente.

Vistos los artículos 878 del Código Civil anterior; 1331, 1344 y
1261 de la Ley de Enjuiciamiento Civil; 149 y 144 del Código de
Comercio:

Fallamos que por falta de acción en el demandante debemos
absolver, y absolvemos, de esta demanda á los demandados con impo-
sición de las costas al actor Don José Brenes Larroche."

Contra esa sentencia interpuso la representación de
la parte actora recurso de apelación que le fué admitido,
y que pende de decisión ante esta Corte Suprema, des-
pués de haber alegado los Letrados de Don José Brenes
Larroche y de la Sociedad A. Hartman y Ca. cuanto han
estimado conducente á la defensa de sus respectivas pre-
tensiones.

Los fundamentos de derecho en que se basa el fallo
recurrido son aceptables, y de tal valor legal que huelga
entrar en consideraciones sobre la existencia real y po-

sitiva de los daños y perjuicios que han sido también objeto del judicial debate, pues si esos daños y perjuicios fueron causados á la sociedad J. M. Padilla y Ca., con motivo de actos que á ésta afectaron, carece de derecho el demandante para pretender que le sean abonados por la sociedad A. Hartman y Ca., daños y perjuicios que en caso de existir serían abonables á la sociedad J. M. Padilla y Ca., y ménos hay razón legal para justificar la pretensión de que A. Hartman y Ca., consignen á disposición de los acreedores de J. M. Padilla y Ca. la suma de 2326 dollars con 70 centavos á que se alude en la demanda.

Entendemos, pues, que la sentencia apelada está ajustada á derecho, y en su consecuencia procede se confirme con las costas del recurso también á cargo del apelante Don José Brenes Larroche.

*Confirmada.*

Jueces concurrentes: Sres Presidente Quiñones y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Wolf no formó Tribunal en la vista de este caso.